UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CONNER BENNETT | CIVIL ACTION NO.: |
| VERSUS | SECTION |
| JEFFREY MAGEE and J.B. HUNT TRANSPORT, INC. | MAGISTRATE |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes J.B. Hunt Transport, Inc. who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represents the following:

### Background

I.

Conner Bennett, Plaintiff herein, filed a lawsuit styled *Conner Bennett vs. Jeffrey Magee and J.B. Transport, Inc.*, in the 21st Judicial District Court, Parish of Livingston, State of Louisiana, No. 172179, naming J.B. Hunt Transport, Inc. and Jeffrey Magee as Defendants. The suit seeks damages for Plaintiff's alleged injuries from a purported motor vehicle accident occurring on Gordon Road in Livingston Parish on November 27, 2020. (See Petition for Damages attached as Exhibit "1.")

II.

The state court action commenced on November 12, 2021. These Defendants received notice on or after November 22, 2021; therefore, removal is timely under 28 U.S.C. §

1446(B)(1)-(3).

## Basis of Removal

III.

This suit is removable to this Court under and by virtue of the federal statutes and acts of the Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441, which provide federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states.

IV.

Jeffrey Magee is a citizen of and domiciled in the State of Mississippi.

V.

J.B. Hunt Transport, Inc. is incorporated in the State of Georgia with its principal place of business in the State of Arkansas. See Georgia Secretary of State – J.B. Hunt Transport, Inc., attached as Exhibit 2.

VI.

Conner Bennett is a citizen of the State of Louisiana.

VII.

Because Plaintiff is a citizen of the State of Louisiana and all Defendants are citizens of states other than Louisiana, complete diversity of citizenship exists among the parties.

VIII.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that an amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in

controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

## IX.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).

## X.

Since Article 893 of the Louisiana Code of Civil Procedure prohibits a plaintiff from pleading a specific dollar amount of damages, no specific dollar amount is provided in the Plaintiff's Petition.  For purposes of removal, however, it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## XI.

For example, in his Petition, Plaintiff alleges that "[he] struck the rear side of the trailer…" of the vehicle operated by Defendant Jeffrey Magee (*See* Petition for Damages, ¶ VII, attached as Exhibit "1").

## XII.

Based on these allegations, Bennet claims that he, "suffered injuries to various parts of his body, including but not limited to his upper and lower back, as well as other unknown and grievous injuries to his body, all causing him severe pain and suffering." *Id.* at ¶ VIII. Specifically, Plaintiff claims he sustained damages, including: "(a) past medical expenses; (b) past physical pain and suffering; (c) future medical expenses; (d) future physical pain and

suffering; (e) past mental anguish; (f) future mental anguish; and (g) loss of enjoyment of life. *Id.* at ¶ IX.

## XIII.

Based on the allegations of Plaintiff's Petition for Damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, and therefore appropriate for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

## XIV.

Defendant does not admit the underlying facts alleged by Plaintiff and denies liability to Plaintiff.

## **Removal Procedure**

## XV.

All Defendants who have been properly joined and served with Plaintiff's petitions consent to this removal. This satisfies the requirement that all defendants who have been properly served with Plaintiff's petition affirmatively consent to the removal of this action. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985) (observing that notice of removal filed before all non-resident defendants served with process still effective).

## XVI.

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

## XVII.

The state court action was commenced on November 12, 2021 and this removal has been filed within one (1) year after its commencement.

XVIII.

Venue is proper within the Middle District of Louisiana because the matter is being

removed from Division B of the 21st Judicial District Court, Parish of Livingston – a court which

the Middle District of Louisiana embraces, and more specifically:

> The Honorable Charlotte Hughes Foster
> 21st Judicial District Court
> Division B
> 20180 Iowa St.
> Livingston, LA 70754

XIX.

Pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers identify all known counsel as

follows:

a. *Counsel for Plaintiff – Conner Bennett*
   Hannah Honeycutt Calandro (#37731)
   D. Blayne Honeycutt (#18264)
   Fayard & Honeycutt
   519 Florida Avenue SW
   Denham Spring, LA 70726
   Telephone: (225) 664-0304


b. *Counsel for Defendants – J.B. Hunt Transport, Inc.*
   Andrea L. Albert (#27353)
   Ryan D. O'Connor (#35272)
   Galloway, Johnson, Tompkins, Burr & Smith
   #3 Sanctuary Boulevard, Third Floor
   Mandeville, Louisiana  70471
   Phone:  (985) 674-6680
   Facsimile:   (985) 674-6681

XX.

Further pursuant to 28 U.S.C. § 1447(b), a complete copy of the state court record has

been requested from the 21st Judicial District, Parish of Livingston. Upon receipt, movers will

supplement this filing with a copy all state court pleadings, including any answers and any return of service of process filed in state court so far.

XXI.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal. She likewise certifies that to the best of her knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

XXII.

Defendant, J.B. Hunt Transport, Inc., requests a trial by jury.

**WHEREFORE,** Defendant, J.B. Hunt Transport, Inc., prays that this Notice be accepted as good and sufficient, and that this civil action be removed from the 21st Judicial District Court, Parish of Livingston, State of Louisiana, to the docket of this Honorable Court for determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the 21st Judicial District Court, Parish of Livingston, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted,

 /s/ Andrea L. Albert
**ANDREA L. ALBERT (#27353)**
**RYAN D. O'CONNOR (#35272)**
**GALLOWAY, JOHNSON, TOMPKINS,**
   **BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70448
Telephone: (985) 674-6680
Facsimile: (985) 674-6681
*Attorneys for Defendant, J.B. Hunt Transport, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 22nd day of December, 2021 a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

/s/ Andrea L. Albert
**ANDREA L. ALBERT**